UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT,<br><br>            Petitioner,<br><br>    v.<br><br>CITY OF SAN DIEGO,<br><br>            Respondent. | Civil No.   12-1794 LAB (MDD)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

**FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

1  The warden is the typical respondent. However, "the rules following section 2254 do not
2  specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the
3  institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal
4  institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a
5  petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall
6  be the state officer who has official custody of the petitioner (for example, the warden of the
7  prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

8  A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]
9  habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The
10 actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v.
11 Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of
12 habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the
13 body" if directed to do so by the Court. "Both the warden of a California prison and the Director
14 of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d
15 at 895.

16 Here, Petitioner has incorrectly named "City of San Diego," as Respondent. In order for
17 this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge
18 of the state correctional facility in which Petitioner is presently confined or the Director of the
19 California Department of Corrections. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.
20 1992) (per curiam).

21  **FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

22 Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas
23 Corpus brought pursuant to § 2254 is not the proper vehicle for all the claims Petitioner presents.
24 Petitioner claims the county jail will not provide him with necessary legal materials to prepare
25 his case, he has been "denied assistance of counsel", and that he needs professional assistance
26 to prepare and present his complaint. (Pet. 6-8.) Although he states in his second claim that he
27 has been "denied assistance of counsel," examination of the facts supporting the claim reveal
28 that he is not raising a claim of ineffective assistance of trial or appellate counsel, which would

be cognizable on federal habeas, but instead that he needs assistance of counsel to pursue his claims and has not been given that assistance.  (Id. 7.)

Petitioner's claims are not cognizable on habeas because they does not challenge the constitutional validity or duration of confinement.  See 28 U.S.C. § 2254(a); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Heck v. Humphrey, 512 U.S. 477, 480-85 (1994).  "Section 2254 applies only to collateral attacks on state court judgments." McGuire v. Blubaum, 376 F. Supp. 284, 285 (D. Ariz. 1974).  In no way does Petitioner claim his state court conviction violates the Constitution or laws or treaties of the United States.  Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983.  See Preiser, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  Id. at 500.  On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.  Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997).  It appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody.  Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

//
//
//

## **CONCLUSION**

Based on the foregoing, the Court **DISMISSES** the case without prejudice and with leave to amend. If Petitioner wishes to challenge the fact or duration of his confinement by attacking his state court conviction, he must, **no later than October 2, 2012**: (1) file a First Amended Petition which cures the pleading deficiencies noted above **AND** (2) pay the $5.00 filing fee **OR** submit adequate proof of his inability to pay the fee. If he wishes to challenge the conditions of his prison life, he must, **no later than October 2, 2012**: (1) file a new civil complaint pursuant to 42 U.S.C. § 1983 which will be given a new civil case number, **AND** (2) pay the $350 filing fee **OR** file a motion to proceed in forma pauperis . **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK MOTION TO PROCEED IN FORMA PAUPERIS, A BLANK FIRST AMENDED HABEAS CORPUS PETITION FORM (28 U.S.C. § 2254) AND A BLANK 42 U.S.C. § 1983 CIVIL COMPLAINT FORM TOGETHER WITH A COPY OF THIS ORDER.**

**IT IS SO ORDERED.**

DATED: July 30, 2012

*Larry A. Burns*

HONORABLE LARRY ALAN BURNS
United States District Judge